United States District Court
Southern District of Texas
**ENTERED**
September 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAKE-SEAN POLENDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:25-CV-00138 |
| | § | |
| NUECES COUNTY SHERIFF'S OFFICE, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jake-Sean Polendo, appearing *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on May 12, 2025. (Doc. No. 1.) Over 90 days elapsed without proof of service upon Defendants, a motion for extension of time, or evidence of good cause for failure of timely service. On August 18, 2025, the Court issued an order noting Plaintiff's failure to provide proof of service and ordering Plaintiff to file either proof of service or signed waivers of service on or before September 8, 2025. (Doc. No. 10.) Plaintiff did not respond, and has not filed the required documentation. The undersigned therefore recommends[1] that Plaintiff's claim be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

For a federal court to have personal jurisdiction over a defendant, the defendant must have been served with process in accordance with Federal Rule of Civil Procedure 4. *See Starrett v. Lockheed Martin Corp.*, No. 3:17-cv-988, 2017 WL 4174812, at *1 (N.D. Tex. Aug.

---

[1] This case has been referred to the undersigned for case management and recommendations on dispositive matters. *See* 28 U.S.C. § 636.

16, 2017), *aff'd*, 735 F. App'x 169 (5th Cir. 2018).  Where a plaintiff fails to properly serve a defendant within 90 days after a complaint is filed, the court, "on motion or on its own after notice to the plaintiff – must dismiss the action against without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

While "[a] *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)," *Drgac v. Treon*, Civ. No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (Atlas, J.) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)), "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).  A litigant's *pro se* status does not excuse failure to effect proper service.  *Zellmar v. Ricks*, No. 6:17cv386, 2021 WL 805154, at *2 (E.D. Tex. Feb. 2, 2021), *adopted*, 2021 WL 796133 (E.D. Tex. Mar. 2, 2021) (citing *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

Here, Plaintiff filed his complaint on May 12, 2025.  (Doc. No. 1.)  Ninety days elapsed without the filing of either proof of service or waiver of service.  And despite the Court's August 18 order directing service within a specified time (Doc. No. 10, directing service by September 8), Plaintiff still has not filed the required documentation.  Federal courts have the authority to dismiss cases for failure to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021).

Rule 4 "requires only that the court notify a claimant that dismissal is impending for lack of timely service." *Roberts v. U.S. Dep't of Army*, 275 F.3d 42, 2001 WL 1223674, at *1 (5th Cir. Sept. 26, 2001) (unpublished) (per curiam) (citing Fed. R. Civ. P. 4(m)).  Plaintiff has been

cautioned, but has failed to provide proof of service or waiver of service. The district court should therefore dismiss Plaintiff's lawsuit without prejudice under Rules 4(m) and 41(b).

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the memorandum and recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on September 9, 2025.

_____
MITCHEL NEUROCK
United States Magistrate Judge